37
ISS
315-
1502865

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER WATSON and MILDRED WATSON,<br>　　　Plaintiffs<br><br>　　　v.<br><br>BRADLEY MASON, individually and in his capacity as SHERIFF OF McKEAN COUNTY, PENNSYLVANIA,<br>　　　Defendant | )<br>)<br>)<br>)<br>)　C.A. No. 10-24C<br>)<br>)<br>)<br>)<br>)　TRIAL BY JURY DEMANDED<br>) |

## COMPLAINT

AND NOW, the Plaintiffs, Lester Watson and Mildred Watson, by and through their attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, file the following Complaint, respectfully representing as follows:

1. Plaintiffs, Lester Watson and Mildred Watson, husband and wife, are adult individuals who reside within McKean County, PA.

2. Defendant, Bradley Mason, is an adult individual and resident of McKean County, PA.

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

4. At all times relevant, Defendant was the duly elected Sheriff of McKean County, PA.

5. At all times described herein, Defendant was acting under the color of law and in his official capacity as Sheriff of McKean County, PA.

6. On or about June 26, 2008, Plaintiff, Lester Watson, appeared at the Defendant's office and/or at the McKean County Jail to post bail for a relative who was then being detained.

7. At that time and place, the Plaintiff was informed by the Defendant's staff, and/or by the staff of the jail, that they would not accept a cash payment from Plaintiff for bail.

8. At that time and place, Plaintiff voiced some criticism of the manner in which his attempted submission of bail had been handled by Defendant and/or by Defendant's staff.

9. The Plaintiff then left the public office building where Defendant's office was located, walked across the adjacent public parking lot until he reached his motor vehicle.

10. Defendant followed behind the Plaintiff into the adjacent public parking lot.

11. As the Plaintiff reached his vehicle, Defendant then called out to the Plaintiff to stop the Plaintiff from leaving or to otherwise engage the Plaintiff in a further discussion.

12. The Defendant then walked out into the public parking lot to get into close physical proximity of the Plaintiff.

13. At that time and place, a verbal argument and/or confrontation with the Plaintiff was then commenced, instigated and/or provoked by the Defendant.

14. Defendant then physically shoved, pushed, grabbed, and subdued the Plaintiff and then forcibly handcuffed the Plaintiff's wrists behind the Plaintiff's back.

15. When the Defendant pulled on or grabbed Plaintiff's arms to forcibly handcuff the Plaintiff, the Plaintiff told the Defendant that Plaintiff suffered from a physical condition which made it especially painful to have his arms pulled behind him in such a fashion.

16. At that time, the Plaintiff was 86 years of age.

17. At that time and place, Defendant purported to place Plaintiff under arrest and, in connection therewith, Defendant physically took Plaintiff into custody.


18. The Defendant used and exerted excessive and unnecessary physical force and violence upon the Plaintiff to effectuate this arrest.

19. The criminal charges subsequently filed by the Defendanta nd/or filed att he Defendant's direction, request and/or instigation againstt he Plaintiff in connection with this incident were resisting arrest( 18 Pa.C.S. §5104), disorderly conduct-unreasonable noise (18 Pa.C.S. §5503(a)(2)) and harassment( 18 Pa.C.S. §2709(a)(1)).

20. The criminal charges of resisting arrest and harassment were subsequently withdrawn and/or voluntarily dismissed.

21. The Plaintiff pled guilty to the summary offense of disorderly conduct.

<u>COUNT I</u>
<u>Section 1983 – Excessive Force</u>

22. Paragraphs 1 through 21 above are hereby incorporated by reference as if the same were setf orth fully herein.

23. The Defendant's use of excessive and unnecessary physical force in effectuating his arrest of the Plaintiff violated the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution and is actionable pursuant to 42 U.S.C. §1983.

24. As a direct and proximate result of the Defendant's use of excessive and unnecessary force, the Plaintiff suffered bodily injuries, pain and suffering, embarrassment, anxiety and distress.

25. The Plaintiff is entitled to an award of attorney's fees and litigation expenses under 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount constituting full compensation of all injuries and damages recoverable at law, together with an award of attorney's fees and costs.

## COUNT II
### Section 1983 – False Arrest, False Imprisonment and Malicious Prosecution

26. Paragraphs 1 through 25 above are hereby incorporated by reference as if the same were set forth fully herein.

27. The Defendant lacked sufficient and/or probable cause to lawfully arrest and/or to charge the Plaintiff with all of the criminal charges which were filed against Plaintiff.

28. Alternatively, if Defendant was not acting in his capacity as Sheriff of McKean County, PA, then he was without legal authority to arrest Plaintiff and to physically take him into custody.

29. Defendant's act of arresting the Plaintiff and/or pursuing the criminal charges which were filed against the Plaintiff was done maliciously and/or was motivated by a purpose other than a lawful purpose.

30. Defendant violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and is actionable pursuant to 42 U.S.C. §1983.

31. Defendant is liable to the Plaintiff for all losses, damages and injuries which are a direct and proximate result of the Defendant's violation of the Plaintiff's constitutional rights.

32. Plaintiff is entitled to an award of attorney's fees and litigation expenses under 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against the Defendant in full compensation of all injuries and damages recoverable at law, together with an award of attorney's fees and costs.

<u>COUNT III</u>
<u>Section 1983 – First Amendment Retaliation</u>

33. Paragraphs 1 through 32 above are hereby incorporated by reference as if the same were set forth fully herein.

34. Defendant's use of excessive force and his false arrest and imprisonment of the Plaintiff was done in retaliation of Plaintiff's exercise of his protected rights of free speech under the First Amendment of the U.S. Constitution.

35. Defendant is liable to the Plaintiff for all damages, losses and injuries suffered as a direct and proximate result of the Defendant's violation of the Plaintiff's constitutional rights. Plaintiff is also entitled to an award of attorney's fees and costs under 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against the Defendant in full compensation of all injuries and damages recoverable at law, together with an award of attorney's fees and costs.

## COUNT IV
### State Law Claims

36. Paragraphs 1 through 35 above are hereby incorporated by reference as if the same were set forth fully herein.

37. Defendant's conduct and actions, all as described herein, constitute violations of state tort law entitling the Plaintiff to recover for all damages, injuries and losses suffered as a direct and proximate resultt hereof.

38. Plaintiff, Mildred Watson, is entitled under state law to recover for her loss of companionship, society and/or consortium as a direct and proximate result of the Defendant's violation of state tort law.

WHEREFORE, Plaintiffs demand judgment against he Defendant in full compensation of all injuries and damages recoverable at law, together with an award of attorney's fees and costs.

Respectfully submitted,

ELDERKIN, M ARTIN, KELLY & MESSINA

By  /s/Craig A. Markham
    Craig A. Markham, Esquire
    Attorney for Plaintiffs
    150 East Eighth Street
    Erie, P ennsylvania 16501
    (814) 456-4000